**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HOWLINK GLOBAL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:22-cv-00040-JRG-RSP |
| | § | (Lead Case) |
| AT&T, INC., et al. | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| HOWLINK GLOBAL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:22-cv-00042-JRG-RSP |
| | § | (Member Case) |
| VERIZON COMMUNICATIONS, INC., et al., | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE
AS TO VERIZON COMMUNICATIONS INC.**

Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff Howlink Global LLC ("Howlink") and Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions, LLC, Verizon Business Global LLC, Verizon Business Network Services, LLC, Verizon Corporate Services Group Inc., Verizon Data Services, LLC, Verizon Media Inc., and Verizon Online, LLC, submit the following Stipulation of Dismissal Without Prejudice as to Defendant VCI and in support thereof state:

1.      Verizon Communications Inc. is referred to herein as "VCI."  Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions, LLC, Verizon Business Global LLC, Verizon Business Network Services, LLC, Verizon Corporate Services Group Inc., Verizon Data Services, LLC, Verizon Media Inc., and Verizon Online, LLC are collectively referred to herein as "Verizon."

2.      On February 3, 2022, Howlink filed suit against VCI and Verizon for alleged infringement of U.S. Patent No. 8,630,279, U.S. Patent No. RE46,415, and U.S. Patent No. 9,596,576 (collectively the "Patents-in-Suit").

3.      VCI has represented and warrants that it is a holding company that does not make, market, advertise, sell, offer for sale, import or sell for or after importation into the United States, or otherwise provide goods or services to the public, anywhere, including any of the systems, products and/or services accused of infringement in the Complaint.

4.      Verizon agrees that it will not refuse to provide discovery in the above-captioned case on the grounds that VCI is in possession, custody, or control of such discovery.

5.      Verizon agrees that it will not object to any request for deposition in the above-captioned case on the grounds that the prospective deponent is an employee or officer of VCI (though nothing in this stipulation prevents Verizon from objecting to a deposition on other grounds).

6.      Verizon or any assignee of Verizon is able to satisfy any judgment against it in the above-captioned case. VCI and Verizon each warrant and represent that they will not take any action that will cause Verizon to be unable to fully satisfy any judgment entered in the above-captioned case.

7.      The parties further agree that this Stipulation of Dismissal or any portion thereof shall not be argued to be evidence of infringement or non-infringement, validity or invalidity, and shall not be presented to or mentioned in front of the jury at any trial of the above-captioned case as such evidence or for any other purpose.

8.      In reliance upon the representations and warranties made above, Howlink agrees to dismiss VCI without prejudice as allowed under Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Neither party challenges jurisdiction and venue in this district for the limited purpose of this case, and the parties stipulate that neither side will challenge jurisdiction or venue based on VCI's dismissal from the case.

9.      Howlink has not released, and nothing in this Stipulation should be construed as a release or discharge of, any claim Howlink has or may have in the future against any defendant named in this action or any other asserted infringer of the Patents-in-Suit. All other rights have been expressly reserved.

10.     VCI will not file a declaratory judgment action on the Patents-in-Suit.

Accordingly, Howlink, VCI, and Verizon, by and through undersigned counsel, hereby file this stipulation of dismissal without prejudice as to VCI, which stipulation is self-executing and therefore serves to dismiss VCI from this action, without prejudice and without costs.

Dated: April 18, 2022

Respectfully submitted,

_/s/ Kate E. Cassidy_
Kate E. Cassidy
LTL Attorneys LLP
152 W. 57th Street, 19th Floor
New York, NY 10019
Phone: (332) 244-7015
Email: Kate.Cassidy@ltlattorneys.com

_/s/  Ross R. Barton_
Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax:    (704) 444-1111
Email:  ross.barton@alston.com

_Attorney for Plaintiff Howlink Global LLC_

Deron R. Dacus (TX Bar No. 790553)
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone: (903) 705-1117
Email:  ddacus@dacusfirm.com

_Attorneys for Defendants_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2022, I caused the forgoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

<u>/s/  Ross R. Barton</u>
Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax:    (704) 444-1111
Email: ross.barton@alston.com

Deron R. Dacus (TX Bar No. 790553)
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone: (903) 705-1117
Email:  ddacus@dacusfirm.com

*Attorneys for Defendants*