**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HOWLINK GLOBAL LLC, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:22-cv-00040-JRG-RSP |
| AT&T, INC., et al. | § | (Lead Case) |
| Defendants, | § | |
| NOKIA CORPORATION OF AMERICA, | § | |
| Intervenor, | § | JURY TRIAL DEMANDED |
| ERICSSON, INC. | § | |
| Intervenor. | § | |
| HOWLINK GLOBAL LLC, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:22-cv-00042-JRG-RSP |
| VERIZON COMMUNICATIONS, INC., et al., | § | (Member Case) |
| | § | |
| Defendants, | § | |
| NOKIA CORPORATION OF AMERICA, | § | JURY TRIAL DEMANDED |
| Intervenor, | § | |
| ERICSSON, INC. | § | |
| Intervenor. | § | |

**MOTION FOR ISSUANCE OF LETTER OF REQUEST**
**FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Defendants AT&T, Corp., et al ("AT&T") and Defendants Cellco partnership d/b/a

Verizon Wireless, et al, ("Verizon") (AT&T and Verizon collectively, "Defendants") and

Intervenors Ericsson, Inc. ("Ericsson") and Nokia of America Corporation ("Nokia") (Nokia and Ericsson collectively, "Intervenors") respectfully request that the Court issue the letter of request attached hereto as Exhibit 1 ("Letter of Request"). The Letter of Request solicits assistance from the authorities of the Republic of Korea ("South Korea') to obtain documents and deposition testimony from SK Telecom., Co., Ltd., a South Korean entity and a past owner of interest U.S. Patent No. 8,630,279 (the "'279 Patent"). The requested documents and deposition testimony may be material to Defendants' and Intervenors' defenses.

## I.   FACTUAL BACKGROUND

Howlink Global LLC ("Howlink") exists as a patent assertion entity monetizing patents that it acquired from foreign companies. To that end, Howlink filed suit against Defendants alleging infringement of three patents[1] one of which, the '279 Patent, originated with South Korean entity Electronics and Telecommunications Research Institute ("ETRI") who transferred a partial interest in U.S. Patent Application No. 12/160,719, which would ultimately issue as the '279 patent, to South Korean entity SK Telecom., Co., Ltd. With respect to these three patents, Howlink contends that it does not have any P.R. 3-2(a) or (b) documents in its possession, custody, or control. Howlink represents the named inventors of the '279 Patent, however, Howlink represents that it is unable to accept service on behalf of those inventors and has advised Defendants and Intervenors to seek Hague service for those individuals. While Defendants and Intervenors are considering pursuing such discovery, as over a decade has passed since those inventors assigned their interests in the '279 Patent, it is possible that SK Telecom., Co., Ltd., not the inventors, is the best avenue to obtain critical discovery regarding licensing, invention, and other critical issues in

---

[1] U.S. Patent Nos. 8,630,279 ("the '279 patent"); RE46,415 ("the '415 patent"); 9,596,576 ("the '576 patent").

this case.

Consequently, Defendants and Intervenors respectfully request that the Court issue the attached Letter of Request to the judicial authorities of South Korea. *See* Exhibit 1.[2] During the parties' meet and confer, on September 16, prior to filing this motion, Howlink indicated that it does not oppose the relief sought herein.

## II.   ARGUMENT

The Hague Convention "procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Société Nationale Industrielle Aéropostiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Because South Korea is a party to the Hague Convention, the attached Letter of Request is an appropriate means for seeking discovery from SK Telecom., Co., Ltd.[3]

As reflected in the attached Letter of Request, Defendants and Intervenors seek, among other things, licenses covering the asserted patents, documents evidencing the first public disclosure or sale of the alleged inventions, conception documents, and communications between the named inventors and standard setting organizations regarding subject matter disclosed in the asserted patents. *See* Exhibit 1. The bulk of the requested evidence should have been produced with Howlink's infringement contentions, *see* P.R. 3-2, but Howlink maintains that it does not possess this routine discovery. Accordingly, Defendants and Intervenors request that the Court issue the attached Letter of Request to the judicial authorities of South Korea to obtain documents and

---

[2] Should the Court grant Defendants' and Intervenors' Motion for Issuance of Letter of Request, Defendants and Intervenors will obtain a certified Korean translation of Exhibit 1.

[3] *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/KoreaRepublicof.html (last accessed October 13, 2022); *see also* 28 USC § 1781(b)(2) (permitting the "transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

testimony from SK Telecom., Co., Ltd. that may be vital to Defendants' and Intervenors' defenses in this case.

If the Court grants this Motion, Defendants and Intervenors respectfully request that the Court execute two copies of the Letter of Request with an original signature, to which the Clerk of the Court shall affix an original seal. Defendants and Intervenors also respectfully request that the Clerk of the Court send the executed Letter of Request to the following Central Authority of the Republic of Korea:

**National Court Administration**
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea
Phone: +82 (2) 3480 1734
Email: international@scourt.go.kr

## III.    CONCLUSION

Defendants and Intervenors respectfully request that the Court issue the attached Letter of Request to the judicial authorities of South Korea to obtain relevant documents and other information from SK Telecom., Co., Ltd.

Dated: October 13, 2022

/s/ Ross R. Barton

Ross R. Barton (NC Bar No. 371790)
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, NC 28280
Telephone: 704-444-1000
Facsimile: 704-444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: 214-922-3400
Facsimile: 214-922-3899
Email:  ted.stevenson@alston.com

John Haynes (GA Bar No. 340599)
David S. Frist (GA Bar No. 205611)
Emily C. Welch (GA Bar No. 606071)
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: john.haynes@alston.com
Email: david.frist@alston.com
Email: emily.welch@alston.com

Thomas W. Davison (District of Columbia Bar No. 987143)
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
Email:  tom.davison@alston.com

***Attorneys for Defendants and Intervenors***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically in compliance with Local Rule CV-5(a) October 13, 2022.

*/s/ Ross R. Barton*
Ross R. Barton (NC Bar No. 371790)
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, NC 28280
Telephone: 704-444-1000
Facsimile: 704-444-1111
Email: ross.barton@alston.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for Defendants and Intervenors conferred with counsel for Plaintiff regarding this Motion and all counsel indicated that they do not oppose the relief sought herein.

*/s/ Ross R. Barton*
Ross R. Barton (NC Bar No. 371790)
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, NC 28280
Telephone: 704-444-1000
Facsimile: 704-444-1111
Email: ross.barton@alston.com