IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HOWLINK GLOBAL LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 2:22-cv-00040-JRG-RSP |
| v. | § | (LEAD CASE) |
| | § | |
| AT&T, INC, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Substitute Service of Subpoenas and Related Documents filed by Defendants and Intervenors.[1] **Dkt. No. 91**. Movants request an order permitting substitute service of subpoenas and related documentation (Dkt. No. 91-1) on the Electronics and Telecommunications Research Institute ("ETRI"), a South Korean entity registered to do business in California, by personal delivery to California's Secretary of State. For the following reasons, the Court **GRANTS** the motion.

### I.   BACKGROUND

Howlink Global LLC filed suit against AT&T[2] and Verizon[3] alleging infringement of U.S. Patent Nos. 8,630,279 (the "'279 Patent"); RE46,415; and 9,596,576. Ericsson, Inc. and Nokia of America Corporation later intervened. The '279 Patent originated from a South Korean entity named the Electronics and Telecommunications Research Institute ("ETRI"). Howlink

---

[1] AT&T, Corp., et al. ("AT&T") and Defendants Cellco partnership d/b/a Verizon Wireless, et al., ("Verizon") (AT&T and Verizon collectively, "Defendants") and Intervenors Ericsson, Inc. ("Ericsson") and Nokia of America Corporation ("Nokia") (Nokia and Ericsson collectively, "Intervenors").
[2] AT&T Inc.; AT&T Corp.; AT&T Communications, LLC; AT&T Mobility LLC; and AT&T Services, Inc. (collectively, "AT&T").
[3] Verizon Communications Inc.; Cellco Partnership d/b/a Verizon Wireless; Verizon Services Corp.; Verizon Enterprise Solutions, LLC; Verizon Business Global, LLC; Verizon Business Network Services, LLC; Verizon Corporate Services Group Inc.; Verizon Data Services, LLC; Verizon Media Inc.; and Verizon Online, LLC.

asserts that it does not have any P.R. 3-2(a) or (b) documents, but believes that ETRI has information regarding licensing, conception, and other critical issues in the case. Dkt. No. 91 at 2. Accordingly, Defendants seek to serve subpoenas for depositions and documents on ETRI, a non-party corporation. ETRI is registered to do business in the State of California. Dkt. Nos. 91-3, 91-4, 91-7.

II.     **LEGAL STANDARD**

Rule 45(b) governs the service of subpoenas; however, Rule 45(b) is silent with respect to service on a corporation. Fed. R. Civ. P. 45(b). For service of subpoenas on a corporation, courts generally allow the analogous method for service under Rule 4 as long as the entity has minimum sufficient contacts within the district in which the subpoena is served. *See* 9 James W. Moore et al., *Moore's Federal Practice: Civil* § 45.21 (3d. ed. 2022) (citing decisions from the 4th Circuit, and district court decisions from the 2d, 3d, and 9th Circuits); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. 2022) (citing decisions from the 2d and 10th Circuits and district court decisions from the 3d and 5th Circuits); *Am. Re Syndicate, Inc. v. Gen. Ins. Corp.*, No. 1:22-MC-00643-LY-SH, 2022 U.S. Dist. LEXIS 138602, at *7-*8 (W.D. Tex. 2022).

Rule 4 provides that a corporation can be served under the law of the state in which service was executed. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Foreign businesses that register in California are required to obtain a certificate of qualification, which requires designating an agent and giving "irrevocable consent to service of process directed to it upon the agent designated and to service of process on the Secretary of State if the agent designated or the agent's successor is no longer authorized to act or cannot be found at the address given." Cal. Corp. Code § 2105(a). Service on a foreign corporation is valid by hand-delivering process to a

2

corporate officer or general manager in California, a natural person designated as agent for the service of process, or a person named in the latest certificate of the corporate agent. Cal. Corp. Code § 2110. Furthermore, foreign corporations registered in California are subject to substitute service through the California Secretary of State if the designated agent cannot be found with due diligence at the designated address. Cal. Corp. Code § 2111 (a); *Synnex Corp. v. Ncp*, Inc., 2018 Cal. Super. LEXIS 33433, at *1 (2018) (explaining the "due diligence" requirement is satisfied by a reasonable search).

Regardless of the method, service must comply with the notice requirements of due process. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). In addition, the method of service cannot be prohibited by international agreement. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699 (1988).

### III.   ANALYSIS

The Court finds that non-party ETRI has sufficient contacts with the state of California such that California law governs service of the subpoenas. Since ETRI registered to do business in California, ETRI irrevocably consented to service of process through its registered agent or the California Secretary of State. Cal. Corp. Code § 2105(a); Dkt. No. 91-4. ETRI also promotes itself as doing business in California. Dkt. No 91-5, 91-6.

Turning to whether the California Secretary of State is appropriate for substitute service, the Court finds that it is. The California Secretary of State lists two California-based addresses for ETRI. Dkt. Nos. 91-4, 91-7. Defendants attempted to serve ETRI through its registered agent, Jie Hyun Lee, at the address shown on ETRI's most updated California business records, but the process server noted there was no listing for ETRI and there was no Suite 338. Dkt. 91-8. Defendants also attempted to serve ETRI at a previous address and neither the previous agent nor

3

ETRI were found at the listed location. Dkt. No. 91-9. In addition, Howlink's counsel asserts it is not authorized to accept service on behalf of ETRI. Dkt. No. 92 at 2. Therefore, ETRI's designated agent cannot be found after a reasonable search at the designated address. *Synnex*, 2018 Cal. Super. LEXIS 33433, at *1.

Finally, the Court finds that substitute service on the California Secretary of State would not violate due process. *Mullane*, 339 U.S. 306, 314 (1950). ETRI updated its contact information through the California Secretary of State as recently as September 20, 2022. Dkt. No. 91-3. Therefore, this method of service is reasonably calculated to give ETRI notice of the lawsuit and an opportunity to object.

## IV.   CONCLUSION

Because substitute service on the California Secretary of State is valid and complete under both state law and the Due Process Clause, the Hague Convention does not apply. *Schlunk*, 486 U.S. at 707. Accordingly, the Court **GRANTS** the motion. Defendants are directed to personally deliver the subpoenas and related documents, for service on ETRI, to the Secretary of State of the State of California according to the rules and regulations of the Secretary of State of the State of California, including hand delivering process and a copy of this order to the Secretary of State's Office in Sacramento, along with the required fee.

**SIGNED this 17th day of November, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE