# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HOWLINK GLOBAL LLC, § <br><br> Plaintiff, § <br><br> v. § <br><br> AT&T, INC., et al. § <br><br> Defendants. § | § § § § § § § § § § § | CASE NO. 2:22-cv-00040-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| HOWLINK GLOBAL LLC, § <br><br> Plaintiff, § <br><br> v. § <br><br> VERIZON COMMUNICATIONS, INC., et al., § <br><br> Defendants. § | § § § § § § § § § § § § § | CASE NO. 2:22-cv-00042-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF HOWLINK'S OBJECTION TO MAGISTRATE JUDGE PAYNE'S CLAIM CONSTRUCTION ORDER**

Pursuant to L.R. CV-72(b), Plaintiff Howlink Global respectfully objects to the Magistrate Judge's Claim Construction Order (Dkt. 142).  Our objection is limited to the Court's construction of the "concatenation" phrases found in the asserted independent claims of U.S. Patent No. 8,630,279 (the '279 patent), i.e. claims 1, 7, 13, and 25.  The phrases are identical across each of these claims and appear in claim 1 as follows:

> 1. A method for generating a downlink signal, comprising:
>
> generating a plurality of unique cell identification code groups; and
>
> allocating the plurality of unique cell identification code groups to a plurality of synchronization durations within a downlink frame, respectively,
>
> wherein the plurality of unique cell identification code groups comprise a first code group which is **formed by a concatenation of a first cell identification code and a second cell identification code**,
>
> wherein the plurality of unique cell identification code groups further comprise a second code group which is **formed by a concatenation of the second cell identification code and the first cell identification code**,
>
> wherein the first code group is different from the second code group, and wherein the concatenation of the first cell identification code and the second cell identification code represents cell identification information.

'279 claim 1 (underline added).

The parties proposed the following constructions:

| Howlink | Defendants |
| --- | --- |
| formed by an arrangement that combines a first cell identification code and a second cell identification code | no construction necessary; plain and ordinary meaning; alternatively: |
| formed by an arrangement that combines the second cell identification code and the first cell identification code | formed by sequentially linking in a series or chain |

The Court adopted Defendants' alternative proposal, construing "formed by a concatenation of" to mean "formed by sequentially linking in a series or chain."  Dkt. 142 at 16.  That ruling was incorrect.  See dkt. 108 (Howlink's opening brief) at 4-9; dkt. 108-6

1

(Eslamimehr declaration) at ¶¶ 19-23; dkt. 112 (Howlink's reply brief) at 5; dkt. 112-1 (Eslamimehr reply declaration) at ¶¶ 2-13; dkt. 137 (2/23/23 Hearing Transcript) at 5:6-20:16, 29:23-31:6; dkt. 135 (Howlink's *Markman* presentation), slides 2-32.

First, the plain and ordinary meaning of "concatenation" includes both "sequential concatenation" (which is what Defendants' alternative proposal required) as well as "interleaved concatenation" (another species of concatenation that was known and used in the art at the time of the invention). Dkt. 112 at 1-2; dkt. 112-1 at ¶¶2-6. This is particularly clear from the Luo reference that is cited on the face of the patent and therefore forms part of the intrinsic record. *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1311 (Fed. Cir. 2005) ("This court has established that 'prior art cited in a patent or cited in the prosecution history of the patent constitutes intrinsic evidence.'" (internal citations omitted)). That reference demonstrates that "concatenation" includes both "sequential concatenation" and "interleaved concatenation." Dkt. 112-4 (Luo patent) at col. 8:48-56 ("concatenation can be implement in a sequential or in an interleaved arrangement"); *id.* at 5:61-67 ("The set of scrambling codes are utilized to…compose an unscrambled S-SCH sequence through a sequential or interleaved concatenation of SCs…"). The Court correctly credited the Luo reference as part of the intrinsic record (dkt. 143 at 13-14), but then gave it no further discussion or weight in its analysis, instead relying heavily on Defendants' extrinsic dictionary definitions. *Id.* at 15. It was an error to give heavy credit to Defendants' dictionary definitions while ultimately giving no credit to a piece of the intrinsic record that indisputably shows that "concatenation" is not limited to sequential concatenation but also includes interleaved concatenation.

Second, the applicants did not disclaim or disavow the full scope of the ordinary meaning of "concatenation" in the specification or during prosecution. Dkt. 112 at 2-5. To the contrary, the applicants clearly conveyed that they intended a broad meaning of "concatenation," one that

equates the term with "combination."

> "In other words, Jamal merely discloses the combined code $c_{s/lci}$ where framing synchronization information and long code indicating (lci) information are combined but does not teach **the concatenation of two cell identification codes, i.e., the combination of two cell identification codes**.

Dkt. 108-3 (April 17, 2012 Response to Examiner) at 9 (emphasis added). The Court acknowledged this prosecution statement, but ultimately dismissed it because the response in which the statement was made was not formally entered during prosecution. Dkt. 143 at 14. That was an error. The response in question, and the cited prosecution statement, is in fact part of the official file history for the '279 patent. That the response was not formally entered by the Examiner is the result of the procedural posture of the prosecution: the Examiner issued a non-final rejection and the applicants then provided an updated response to be formally entered. That updated response did not repeat the above prosecution statement, but that lack of repetition did not constitute—under any regulation or law identified by Defendants or the Court—a revocation of the statement. And Howlink is not aware of any authority that would allow the Court to consider and credit the Examiner remarks made in response to a "non-entered" response while disregarding the response itself.

\* \* \*

For the foregoing reasons, this Court should vacate the claim construction issued for the "concatenation phrases" and adopt Howlink's proposal or, at minimum, rule that "concatenation" is not limited to *sequential* concatenation (i.e., sequentially linking in a series or chain).

Date: March 30, 2023

Respectfully submitted,

By: */s/ Jeff Eichmann*
John Jeffrey Eichmann (CA 227472)
**EICHMANN, a professional corporation**
662 N. Sepulveda Blvd., Suite 300
Los Angeles, California 90049
310-237-9190 (tel.)

3

jeichmann@eichmann.com

Kate E. Cassidy (Admitted Pro Hac Vice)
NY Bar. No. 4380747
Prashanth Chennakesavan (Admitted Pro Hac Vice)
Cal. Bar No. 284022
**LTL ATTORNEYS LLP**
152 W 57th Street, 19th Floor
New York, New York 10019
Telephone: (332) 244-7015
Facsimile: (213) 612-3773
Email: kate.cassidy@ltlattorneys.com
Email: prashanth.chennakesavan@ltlattorneys.com

Dat Nguyen (Admitted Pro Hac Vice)
Cal. Bar No. 280755
**LTL ATTORNEYS LLP**
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
Email: dat.nguyen@ltlattorneys.com

S. Calvin Capshaw
Elizabeth DeRieux
Texas Bar No. 03783900
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

*Attorneys for Howlink Global, LLC*

### Certificate of Service

I certify this document is being served on counsel of record on the date listed above via the ECF filing system.

*/s/ Jeff Eichmann*